U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MONICA J. TEAGUE, §
　§
　　　Plaintiff, §
　§
VS. § NO. 4:07-CV-773-A
　§
MICHAEL J. ASTRUE, §
COMMISSIONER OF SOCIAL SECURITY, §
　§
　　　Defendant. §

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

　　　Came on for consideration the above-captioned action wherein Monica J. Teague is plaintiff and the Commissioner of Social Security, currently Michael J. Astrue, is defendant. On August 27, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation,[1] and granted the parties until September 17, 2008, in which to file and serve any written objections thereto. On September 15, 2008, plaintiff filed her objections, to which the government responded on September 29, 2008. For the reasons given below, the court has concluded that the FC&R should be affirmed.

---

[1] Citations to the proposed findings, conclusions, and recommendation issued by the United States Magistrate Judge will be "FC&R."

I.

## Standards of Review

Pursuant to 42 U.S.C. § 405(g), the only issues before the court are whether the final decision of the Commissioner that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence, and whether the decision complies with applicable legal standards. Crouchet v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987). Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Crouchet, 885 F.2d at 204. In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as

testified to by the claimant, and (4) the claimant's age, education, and work history. Smith v. Schweiker, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

Once the magistrate judge has issued his proposed findings, conclusions, and recommendation, and the plaintiff has made objections thereto, the district judge makes a de novo determination of those portions of the magistrate judge's specified proposed findings or recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court now makes that determination in the context of the basic principles mentioned above.

II.

Plaintiff's Objections and Rulings Thereon

Plaintiff's initial objection to the FC&R appears to be that no evidence supports the Administrative Law Judge's ("ALJ") determination that plaintiff experienced medical improvement in her condition as of February 23, 2006, and that such medical improvement was related to an increase in her ability to work.

3

Essentially plaintiff's objection is that the ALJ did not agree with the testimony most favorable to her position. It is not, of course, the court's function to determine if the ALJ could have ruled differently; the court's duty is only to determine whether there is "such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's] conclusion." Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951), citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). When reviewing the record, the ALJ was entitled to determine the credibility of the witnesses and weigh their opinions and the evidence accordingly. See Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir. 1990). Simply because the ALJ accorded more weight to the evidence less favorable to plaintiff does not, alone, constitute a basis for reversal.

Plaintiff objects that although the ALJ adopted the opinion of his medical expert witness, Ollie Raulston, M.D. ("Dr. Raulston"), he also deviated from Dr. Raulston's opinion without explanation, thus affecting her substantial rights. The court disagrees, finding that substantial evidence supports the ALJ's determination. Where such is the case, any procedural impropriety in the record did not affect the plaintiff's substantial rights. See Morris v. Bowen, 864 F.2d 333, 336 (5th Cir. 1988). Plaintiff

argues that the ALJ should have found her disabled based on Dr. Raulston's opinion that she had experienced no medical improvement or increase in her ability to work. However, Dr. Raulston did not completely rule out the possibility that plaintiff had medically improved; rather, he acknowledged that Dr. Schade, who supervised plaintiff's care at the Center for Pain Control ("Center"), found that overall plaintiff had shown improvement. The ALJ observed that Dr. Schade and the rehabilitation staff discharged plaintiff with maximum medical benefit in February 2006, and found her statements to those treatment providers more credible and indicative of her abilities than the testimony she provided to support her disability application. Although Dr. Raulston accepted plaintiff's subjective complaints at face value, the ALJ was not required to do so. See Griego v. Sullivan, 940 F.2d 942, 945 (5th Cir. 1991). While the ALJ must consider the opinion evidence presented by a non-examining physician such as Dr. Raulston, he is not bound by such opinions. 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i).

On February 20 and 27, 2006, Robert W. Bradley, Ph.D. ("Dr. Bradley"), who was involved in plaintiff's treatment at the Center, documented that she had improved her activity level,

experienced better pain control, and that her mood, social relationships, sleep and overall functioning were "better." Tr. at 283, 296. Subsequent medical records also demonstrate that plaintiff experienced medical improvement. For example, in January 2007, Dr. Schade rated plaintiff's pain at six out of ten, characterizing the resulting limitations as "moderate," noting that it interfered only with "some daily activities," and that the "[n]eed for pain meds has decreased." Tr. at 685. Therefore, as discussed, substantial evidence supports the ALJ's determination that plaintiff enjoyed medical improvement.

Plaintiff objects to the magistrate judge's observation that "after five months of therapy [plaintiff] was able to tolerate stretching exercises, weight training, riding a recumbent bicycle, and walking on a treadmill or outdoors for a combined session of 6.5 hours a day," Pl. Obj. at 5, because she claims that she did not participate in those activities for that length of time. The record reflects that the ALJ did, in fact, consider the extra relaxation periods built into her rehabilitation activities, but nevertheless concluded that they did not signify an inability to return to her previous sedentary work because such activities were more strenuous than those demanded of sedentary workers. Tr. at 17. Although the ALJ acknowledged that

6

plaintiff still experienced pain, he noted that even moderate pain would not wholly preclude plaintiff from performing certain levels of work. While the ALJ must consider plaintiff's subjective complaints of pain, it is within his discretion to determine the pain's disabling nature. See Dunbar v. Barnhart, 330 F.3d 670, 672 (5th Cir. 2003).

Plaintiff further objects to the FC&R that the ALJ did not err in failing to consider plaintiff's nonexertional limitations as of February 23, 2006, or by failing to obtain vocational expert testimony as to the effect of such limitations on her ability to perform her past relevant or other work. The ALJ expressly found that plaintiff could perform her past relevant work beginning on February 23, 2006. Tr. at 14, 21. "When, as here, the Commissioner finds that a claimant can perform past relevant work, vocational testimony is not required." Nicholson v. Massanari, 254 F.3d 1082 (5th Cir.2001)(unpublished)(citing Williams v. Califano, 590 F.2d 1332, 1334 (5th Cir. 1979)).

Plaintiff relied on a report by Dr. Bradley stating that she "had a limited ability to complete a normal work day and work week without interruptions from psychologically based symptoms and to deal with normal work stress," and that she had limited ability to interact appropriately with the public. Pl.'s Obj. at

7

7. However, plaintiff ignored Dr. Bradley's conclusion in that same report that the aforementioned abilities were "limited but satisfactory." Tr. at 485-86. Indeed, Dr. Bradley also indicated that plaintiff had "unlimited" or "very good" mental abilities in twenty out of twenty-five rated areas. Id.

Plaintiff also contends that the ALJ failed to consider her self-described limitations of walking slowly, ambulating with a cane, and using hot and cold packs and a muscle relaxing machine. However, the record is clear that the ALJ considered and rejected such claims as plaintiff's own self-serving testimony; instead, he found more credible the observations and assessments made by Dr. Bradley and the other rehabilitation specialists working under Dr. Schade. The ALJ expressly found, and the record supports, that plaintiff does not suffer from "severe, persistent and intractable pain" which would preclude her from returning to her past relevant work. Hollis v. Bowen, 837 F.2d 1378, 1384 (5th Cir. 1988). Specifically, the ALJ found an absence of objective factors indicating the existence of severe pain, such as limitations in the range of motion, muscular atrophy, weight loss, or impairment of general nutrition--"which can itself justify the ALJ's conclusion." Id.

## III.

## Conclusion and Order

For the reasons stated above, all objections of plaintiff are without merit. Therefore, the court accepts the magistrate judge's proposed findings, conclusions, and recommendations. Consistent therewith,

The court ORDERS that the decision of defendant, Michael J. Astrue, Commissioner of Social Security, that plaintiff, Monica J. Teague, qualified for a closed period of disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, commencing March 1, 2002, and ending February 23, 2006, be, and is hereby, affirmed.

SIGNED December 1, 2008.

JOHN McBRYDE
United States District Judge